Jose NIEVES, Plaintiff,

v.

DOUGLAS STEAMSHIP, LTD. and Golten Marine Co., Inc., Defendants.

GOLTEN MARINE CO., INC., Defendant and Third-Party Plaintiff,

v.

GENERAL INSULATION, INC., Third-Party Defendant.

No. 75 Civ. 5318.

United States District Court, S. D. New York.

Opinion and Order Feb. 21, 1978.

On Renewed Motion May 8, 1978.

Bower & Gardner, New York City, for defendant and third party plaintiff by Thomas J. Wacht, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for third party defendant by William P. Kardaras, Joseph E. Donat, New York City, of counsel.

OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Jose Nieves allegedly sustained injuries when, in November 1973, he fell

from a scaffold in the engine room of the SS "QUARTA" while he was performing insulation work on a pipe. He instituted this action against Douglas Steamship, Ltd., the vessel owner, and Golten Marine Co., Inc. ("Golten"), allegedly responsible for erecting the scaffold. Golten, in turn, commenced a third-party action against General Insulation, Inc., plaintiff's employer, seeking contribution and/or indemnity based on General's purported negligence and breach of warranty if Golten were to be found liable to plaintiff.

General has moved, pursuant to Rule 12(b)(6), F.R.Civ.P., to dismiss Golten's third-party complaint for failure to state a claim, or, alternatively, pursuant to Rule 56, F.R.Civ.P., for summary judgment dismissing the third-party action. It is undisputed that General has paid plaintiff certain sums of money in compensation benefits pursuant to the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901, et seq. ("the Act"). Having paid these sums to plaintiff, General contends that the first subdivision of Section 18(a) of the 1972 amendments to the act, 33 U.S.C. § 905(a) forecloses Golten's third-party claim for indemnity and contribution. Golten contests this interpretation, asserting that the only bar to suit is that contained in the second subdivision of Section 18(a), 33 U.S.C. § 905(b), which by its terms is inapplicable here.

33 U.S.C. § 905 provides in pertinent part:

§ 905. *Exclusiveness of liability*

(a) The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, . . .

(b) In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover

damages by reason thereof, may bring an action against such vessel as a third party . . . and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. . . . The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

It is clear that subsection (b), which expressly applies only to vessels, is unavailable to General to defeat the third-party claim of Golten, concededly a non-vessel. *Zapico v. Bucyrus-Erie Co.*, 434 F.Supp. 567, 569 and n. 4 (S.D.N.Y.1977); *Gould v. General Mills, Inc.*, 411 F.Supp. 1181, 1183 (W.D.N.Y.1976). *See Edmonds v. Companie Generale Transatlantiques*, 558 F.2d 186 (4th Cir. 1976); *Ramirez v. A/S DIS Svendborg & D/S af 1912 A/S and M. P. Howlett, Inc.*, 75 Civ. 703 (S.D.N.Y. Nov. 22, 1976). While my inquiry must then focus on the scope of subsection (a), I note that the same is fraught with difficulty. In enacting Section 905(b), Congress ended the circuitous litigation which circumvented the original Act's exclusive liability provisions, whereby a vessel sued by an injured employee could successfully seek indemnity from an employer who had already paid statutory compensation. U.S.Code Cong. and Admin. News, 92d Cong. 2d Sess. Vol. 3, p. 4704 (1972). However, Congress nevertheless left open the situation where, as here, a compensation-paying employer is sought to be held for contribution or indemnity by a third party non-vessel. Several district courts have grappled with this seeming loophole and have reached contrary determinations. *Compare S.S. Seatrain Louisiana v. California Stevedore and Ballast Co.*, 424 F.Supp. 180 (N.D.Cal.1976); *Fitzgerald v. Compania Naviera La Modinera*, 394 F.Supp. 402 (E.D.La.1974) (absent express indemnity contract between stevedore employer and third-party non-vessel, action for contractual indemnity barred; action for tort indemnity and contribution barred) with *Zapico v. Bucyrus-Erie Co., supra ; Brkaric v. Star Iron & Steel Co.*, 409

F.Supp. 516 (E.D.N.Y.1976); *Petrosino v. Wilhelmson*, 75 Civ. 1181 (E.D.N.Y. Oct. 13, 1976); *Gould v. General Mills, Inc.*, 411 F.Supp. 1181 (W.D.N.Y.1976) (contribution or indemnity claim allowed).

Moreover, the decisions in this latter group of cases allowing the assertion of third-party claims did so on varying grounds. *Brkaric*, the first case to consider the issue, based its analysis primarily on the doctrine of contribution as formulated by the New York Court of Appeals in *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 331 N.Y. S.2d 382, 282 N.E.2d 288 (1972), since that court viewed the problem as "whether Congress intended to displace state law in relation to pierside accidents [out of which the *Brkaric* injury arose] where a vessel was not involved." Moreover, it was unclear to that court whether the plaintiff had been "engaged in maritime employment" as required by 33 U.S.C. § 902(3) so as to afford his employer and third-party defendant the benefit of the exclusive remedy provision of § 905(a). Because of the factual issues raised on the record before that court, summary judgment dismissing the third-party contribution and indemnity claims was denied. *Petrosino*, on the other hand, clearly involved a third-party claim by an independent contractor against a stevedore-employer for the latter's purported negligence causing injury to a longshoreman employee. In denying the employer's motion to dismiss, Judge Weinstein relied on *Brkaric*. However, he did so expressly for the purpose of promoting "universal interpretation" in the district, but in so doing, he stated his disagreement with the result reached in that case.[1]

Both *Zapico* and *Gould* recognized the viability of indemnity claims based not on tort theories but only on implied warranties of workmanlike performance running in *Gould* between the third-party plaintiff and third-party defendant-employer, and in *Zapico*, between either the third-party plaintiff and third-party defendant-employer or between the vessel and the third-party defendant-employer to which the third-party plaintiff was a third-party beneficiary.

Added to this confusion is dicta from the Second Circuit's decision in *Galimi v. Jetco, Inc.*, 514 F.2d 949 (2d Cir. 1975), a case construing the exclusive remedy provision (substantially identical to that in Section 905(a) ) of the Federal Employees Compensation Act. Analyzing cases involving contribution or indemnity sought from a stevedore-employer, the Court of Appeals chose to join the decision reached by the majority of the circuits which "would probably be adopted by the Supreme Court were the issue presented directly," that

> exclusive remedy provisions such as that in the original Longshoremen's and Harbor Workers' Act and the one before this .court [FECA] shield an employer from a third-party suit for contribution.

514 F.2d at 956.

Although the reference in *Galimi* was to the Act as it stood prior to the 1972 amendments thereto, the present section 905(a) is essentially identical to the law as it then existed. If the *Galimi* dicta is to be given weight, then it would appear that Golten's tort claim for contribution (its "Second Cause of Action Against the Third-Party Defendant) must fail.[2]

---

1. Judge Weinstein stated:
   "It is desirable that there be universal interpretation, particularly in this district where there are so many actions of this type. While from the point of view of statutory analysis, and policy, it's an opinion reaching a result contrary to Judge Judd [in *Brkaric*], on means to be written, this Court, in light of the balance, defers to Judge Judd's decision as stare decisis, until the contrary view is expressed by the Second Circuit."
   *Petrosina v. Wilhelmson*, 75 Civ. 1181, transcript at p. 3 (Oct. 13, 1976). He then certified

the question to the Second Circuit, which declined to entertain it on December 15, 1976.

2. I note that in reaching its conclusion, the *Galimi* court did not address the New York *Dole* argument asserted by the third-party plaintiff in support of its contribution claim, preferring instead to rest its holding on "applicable federal law." 514 F.2d at 956. To the extent that *Brkaric, supra*, relied primarily on this state law doctrine to allow assertion of the third party's claims against the compensation-paying employer notwithstanding applicable

■ From an analysis of the relevant cases, the conclusion that Golten's contribution claim is barred by Section 905(a) is inescapable. Prior to the 1972 amendments to the Act, the Supreme Court held that in non-collision admiralty cases no right of contribution existed against a joint tort-feasor who was a compensation-paying employer immune from suit by his employee. *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952). *Cooper Stevedoring*, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694, distinguished *Halcyon* on the grounds that in *Halcyon* the party against whom contribution was sought was entitled to the limitation of liability provisions of the Act and allowed contribution where no employee-employer relationship was involved; in so differentiating, it left untouched the contribution bar as against the compensation-paying employer. *See Atlantic Coast Line R. Co. v. Erie Lackawanna R. Co.*, 406 U.S. 340, 92 S.Ct. 1550, 32 L.Ed.2d 110 (1972) (cited with approval in *Cooper Stevedoring*). Since the 1972 amendments left this provision of the Act unchanged, there appears to be no reason why the contribution claim against a compensation-paying employer such as General should now succeed. *See Landon v. Lief Hoegh & Co., Inc.*, 521 F.2d 756, 761, n. 4 (2d Cir. 1975), *cert. denied*, 423 U.S. 1053, 96 S.Ct. 783, 46 L.Ed.2d 642 (1976); *Fitzgerald v. Compania Naviera La Molinera, supra*, at 410–11; *Ramirez v. A/S DIS Svendborg & D/S af 1912 a/S and M. P. Howlett, Inc., supra*, at 12. Clearly then, Golten's tort contribution claim is one asserted "on account of" plaintiff's injury within the meaning of § 905(a) and, as such, must be dismissed.

Golten's indemnity claim is allegedly based on General's express and/or implied warranty of workmanlike performance (Golten's "First Cause of Action Against the Third-Party Defendant"). This claim proceeds on one of two theories: that Gol-ten is a third-party beneficiary of a warranty running between General and the vessel, or that Golten and General had some kind of "direct contractual relationship." (Golten's Memorandum in Further Opposition, p. 3). The nature of this latter purported relationship is unclear. General claims that no express contract exists with Golten. However, Golten contends that deposition testimony has established the existence of a "direct contractual relationship," yet it has not offered any proof of the same, nor indicated if such contract is express or implied.

■ By alleging an express agreement, however, Golten's contractual indemnity claim survives that portion of General's motion seeking dismissal pursuant to Rule 12(b)(6), F.R.Civ.P., since it is manifest that such claim is not asserted "on account of" plaintiff's injury but rather because of an independent obligation between the third parties. Apparently in recognition of this, General has alternatively sought summary judgment under Rule 56, F.R.Civ.P., arguing the non-existence of an express agreement. In support of this motion, General's counsel has submitted an affidavit attesting to the absence of an express contract; however, there is no indication that counsel had any involvement with these third parties at the time the repairs which underlay plaintiff's accident were undertaken or that counsel was otherwise than retained merely for the purpose of this litigation. Moreover, General has failed to submit proof—or even allegations—of any facts indicating the nature and scope of the business of or relationship between the third parties which are necessary in order that an informed determination relating to any implied obligation may be made. Consequently, I am constrained to deny summary judgment on this issue pending a development of the facts which would support such a result.[3]

federal law, as detailed *infra*, I decline to follow it.

**3.** Although Rule 9(g) of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York requires the movant, in support of summary judgment to submit a statement of material facts as to which there is no genuine triable issue and the adversary to submit a statement of controverted facts, neither party has done so.

Accordingly, General's motion to dismiss is granted as to Golten's second third-party claim for tort contribution and denied as to Golten's first third-party claim for contractual indemnity; to the extent that General seeks summary judgment on this latter claim, the motion is denied without prejudice to its renewal on a proper showing.

IT IS SO ORDERED.

### MEMORANDUM AND ORDER
### ON RENEWED MOTION

On February 21, 1978, I dismissed the third-party tort claim of Golten Marine Co., Inc. ("Golten") against third-party defendant General Insulation, Inc. ("General") and denied, without prejudice to its renewal, General's motion for summary judgment dismissing Golten's third-party contract claim. Golten now has moved for an order pursuant to F.R.Civ.P. 54(b) directing the entry of final judgment on the dismissal of its tort claim for contribution and/or indemnity (its third-party "Second Cause of Action"). General has renewed its motion for summary judgment dismissing Golten's contractual indemnity claim (Golten's third-party "First Cause of Action").

Golten's third-party contract claim seeks indemnity from General based upon breach of alleged express and/or implied warranties of workmanlike performance relating to General's undertaking of insulation work in the engine room of the SS "Quarta." General allegedly was engaged by Golten to perform this work in connection with repairs Golten had undertaken for the defendant steamship company. This action was commenced to recover damages for injuries sustained by plaintiff, an employee of General, when he fell from a scaffold while performing such insulation work on a pipe. It is undisputed that General paid plaintiff $50,000 in compensation benefits pursuant to the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 et seq.

General has submitted the affidavit of its president attesting to the absence of any written or oral warranties made to Golten in connection with the performance of the insulation work. It is General's position that it was orally engaged merely to provide men and materials to insulate steam piping if Golten rigged a scaffold on which to work, and that, as a matter of law, no implied warranty of workmanlike performance is extant since Golten is not a vessel owner.

Golten, however, has submitted the affidavit of its pipe shop and welding department foreman attesting that General expressly undertook full and unrestricted control of and responsibility for the use of the scaffolding while the insulation work was being performed, and that Golten was assured not only that General's work would be safely and properly performed but also that its employees were experienced and capable. In view of these conflicting factual attestations as to the nature of the contractual obligations undertaken, summary judgment on Golten's first cause of action against General must be denied and the issue resolved at trial.

With regard to Golten's request for F.R. Civ.P. 54(b) certification of the dismissal of its second cause of action, my previous opinion recognized the unsettled nature of the law regarding this issue. *See Nieves v. Douglas Steamship, Ltd., et al.,* 75 Civ. 5318, slip op. 1, 4–7 (S.D.N.Y. Feb. 21, 1978). General has not advanced any opposition to such certification. Accordingly, I find no just reason for delay and direct the entry of judgment on my order dismissing Golten's third-party tort claim against General without the assessment of costs against any party.

SO ORDERED.