OPINION OF THE COURT
Richard S. Lane, J.
This is a motion by defendant Paul Krantz & Co. to dismiss the complaint as barred by the Statute of Limitations.
The complaint sounds in negligence and malpractice for defendant’s failure to secure requested insurance coverage including protection against riot and civil commotion. Service of the summons and complaint was in July, 1980, more than three years after the issuance of the policy. Plaintiff opposes the motion, however, on the novel grounds that the doctrine of continuous treatment applies to insurance brokers, and, accordingly, the statute was tolled during the continuation of the broker-client relationship.
Some issues of fact are revealed in the papers, but, for the purposes of this motion, the court must assume the facts as alleged by plaintiff as follows:
(a) Plaintiff’s principal employed defendant as insurance broker for his several retail businesses for a period of over 30 years.
*908 (b) He requested defendant to obtain insurance coverage for plaintiff for the period May 11,1977 to May 11,1978 as in previous policies including riot and civil commotion protection.
(c) He thought he had such coverage in reliance upon defendant;
(d) He made a claim under the putative coverage through defendant for plaintiff’s damages arising out of the blackout of July, 1977;
(e) Defendant undertook to process the claim; and
(f) Defendant did not inform him of lack of coverage until almost two years later when he threatened to retain someone else to investigate why he had not received compensation.
The doctrine of continuous treatment evolved in medical malpractice as a result of the perceived unlikelihood that a patient would contemplate suing his doctor while still continuing under his treatment (Borgia v City of New York, 12 NY2d 151). The doctrine has been extended to lawyers and other professionals (Siegel v Kranis, 29 AD2d 477). It has never, however, been applied to insurance brokers.
The court has serious doubt as to whether it befits a nisi prius Judge to make such a quantum jump in the law to fit an appealing case. Moreover the surface analogy between the doctor, lawyer, accountant, architect on one hand and the insurance broker on the other hand breaks down upon closer scrutiny. The trust reposed in the insurance broker is a business trust as contrasted with a professional trust. The policy once issued is available to the insured and speaks in the English language. Following up on a claim is not an arcane art beyond the experience of a businessman. And finally it is indulging in a fiction to assert that the broker is continuing to treat the original condition with respect to which he has allegedly been guilty of malpractice. Once the policy has issued and the loss has occurred, there is nothing the broker or anyone else can do to remedy the situation.
*909 The motion to dismiss is granted.