■ OFFICE OF IRWIN G. CANTOR, P. C., Appellant, v SWANKE HAYDEN CONNELL & PARTNERS, Respondent.—Order of the Supreme Court, New York County (Peter Tom, J.), entered on November 8, 1991, which denied petitioner's application for a permanent stay of arbitration, is unanimously affirmed, with costs and disbursements.

Petitioner, The Office of Irwin Cantor, instituted this proceeding to stay permanently the arbitration commenced by respondent Swanke Hayden Connell & Partners. The underlying matter involves the construction of Trump Tower on Fifth Avenue in connection with which petitioner was retained by the architect, respondent Swanke, as the structural engineer on the project. In December of 1983 after a temporary certificate of occupancy was issued, various disputes arose over compensation. Following some unsuccessful attempts at settlement, Trump in July of 1984 filed a demand for arbitration against Swanke for damages caused by delays in redesigning the building's foundation, and Swanke counterclaimed for additional fees. In November of 1989, the arbitrators awarded Trump $1.75 million in damages and awarded Swanke about $250,000 in fees. Thereafter, under its contract with Cantor, Swanke served a demand for arbitration against Cantor, alleging that Cantor had breached its contract with Swanke by negligent performance and, in addition, sought indemnification of the award obtained against it by Trump.

Petitioner moved pursuant to CPLR 7502 (b) and 7503 (b) to stay permanently the arbitration proceeding on the ground that the statute of limitations for a contract action had expired two years before the service of respondent's demand. In that regard, the subject contract provides that the applicable statute of limitations would determine the time within which arbitration could be instituted and that the limitations period would begin to run on either the date of substantial completion or the date of the issuance of the final certificate for payment, depending upon the nature of the claim. It is, therefore, Cantor's position that since the City of New York had issued a temporary certificate of occupancy on December 29, 1983, the time for commencing an arbitration proceeding expired on December 29, 1989. However, regardless of whether or not the statute of limitations for the contract

claim has lapsed, the period of limitations for the indemnification claim did not accrue until payment by the party seeking indemnity *(Bellevue S. Assocs. v HRH Constr. Corp.,* 78 NY2d 282, 298, n 4; *McDermott v City of New York,* 50 NY2d 211, 217-218).* Thus, respondent's indemnification claim is clearly timely.

The Court of Appeals has held that where several theories of liability are predicated upon the same facts and some are timely whereas others are not, the judiciary will not separate between the different types of claims but will allow them all to proceed to arbitration *(Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669). As the Court stated therein *(supra,* at 676) "an arbitration agreement may, with limited exceptions, encompass 'any controversy * * * arising * * * without regard to the justiciable character of the controversy'. (CPLR 7501.) (Interestingly, and significantly, a nonjusticiable controversy is one not cognizable in a court of justice.) Since the parties to a commercial arbitration agreement have elected not to be bound by strict rules of law, their desire should not be thwarted by application of a rule designed in a bygone day to shortstop stale and possibly fraudulent personal injury actions." The Court further explained in *Matter of Paver & Wildfoerster (Catholic High School Assn.) (supra,* at 677):

"At the root of the problem in assessing the boundary line between arbitration and dispute determination in courts of law is that in arbitration, as in this case, the parties submit to arbitration a complex of facts, however arranged, and not facts organized in the form of elements of causes of action at law. Thus, in this case the owner alleges and presumably will present a claim under its agreements with the contractor and the architects, described not necessarily in legal categorical terms but as a 'breach' of the agreements. It will then be for the arbitrators to fashion the remedy appropriate to the wrong, if they find one, unconfined by the tight correlation of particular legal remedies to formal causes of action (see, e.g., *Matter of Staklinski [Pyramid Elec. Co.],* 6 NY2d 159, 163; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7510.08). The court in such situation should not precensor the issues, the facts or the eventual possible determinations by the arbitrators (see *Matter of Raisler Corp. [New York City Housing Auth.],* 32 NY2d 274, 282; *Matter of Spectrum Fabrics Corp. [Main St. Fashions],* 285 App Div 710, 714, affd 309 NY 709; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7506.12).

"The arbitration limitation statute was hardly intended to

do that. Its purpose was to bar stale claims, not to fragmentize claims into legal categories, the very categories from which arbitration frees those who choose arbitration as their mode of dispute determination."

According to the Court of Appeals, "[t]o be sure, the arbitration limitation statute bars untimely claims, otherwise of a justiciable character, the only kind to which the limitation could apply. Those are claims which on a view of the whole complex of facts would be barred in an action at law. It does not apply and should not apply to claims which, under limited exceptions to general legal principles, would be barred at law just because, on some aspect, the right to elect one remedy rather than another is barred for limitations purposes—a condition largely confined to personal injury and professional malpractice. Put another way, if a claim in the justiciable category on no view of the facts could survive a time-bar in any kind of action at law, it would also be time-barred in arbitration, but not otherwise" *(Matter of Paver & Wildfoerster [Catholic High School Assn.], supra,* at 677-678). Consequently, the Supreme Court appropriately denied petitioner's application to stay arbitration, and it is for the arbitrator to consider all of the facts in this matter and devise an appropriate remedy. Concur—Sullivan, J. P., Carro, Milonas and Wallach, JJ.