OPINION OF THE COURT
Herbert Kramer, J.
*877 Defendants move to dismiss this breach of contract action on Statute of Limitations grounds. (CPLR 3211 [a] [5]; 213 [2].)
The contract called for plaintiff and defendant to exchange their respective interests in a New Jersey corporation and in a New York property. The exchange required defendant to pay an additional sum of money and was made contingent upon the defendant’s refinancing of the mortgage on the New Jersey property.[1] The exchange never took place and neither party sought enforcement of the contract for sale. However, plaintiff, faced with foreclosure proceedings upon the New Jersey property, has sued to enforce the indemnification clause contained in this contract.[2] The defendant maintains that this action is time barred.
The Statute of Limitations begins to run “from the date that the cause of action ‘accrue [s]’, a concept borrowed from substantive law and signifying the existence of all the factual elements necessary to maintain a lawsuit and obtain relief in court.” (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 201.02, at 2-10—2-11; Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175.)
In support of her motion, defendant argues that the action accrued on October 31, 1990, the closing date set for the sale. Indeed, all the factual elements necessary to maintain suit upon the contract of sale were present one day after the closing *878 date set for the sale since “[n]ominal damages are always available in breach of contract actions”. (Kronos, Inc. v AVX Corp., 81 NY2d 90, 95 [1993].) Accordingly, if the plaintiffs action sought redress for breach of the contract of sale, that action would be time barred.
However, the gravamen of plaintiffs complaint lies in the defendant’s alleged failure to “hold harmless and indemnify plaintiff Paul Lai from any claims made by the mortgagee bank in connection therewith [that] defendant * * * refused and has continued to refuse to comply with this agreement [that] [i]n response, Chemical Bank has initiated foreclosure proceedings against the plaintiffs on the New Jersey property.”
Thus, it is necessary preliminarily to determine whether the indemnification clause survives as an independent agreement supported by consideration or whether it is so dependent for its existence upon the contract for sale that it too must be barred by the statute.
“ ‘Whether a contract is entire or severable generally is a question of intention, to be determined from the language employed by the parties, viewed in light of the circumstances surrounding them at the time they contracted’ ”. (Barden & Robeson Corp. v Timmerman, 116 AD2d 814, 815-816 [3d Dept 1986].)
At the time the parties entered into this contract they were “partners” in two properties. Their intent was to exchange properties and thus separate their respective interests. The agreement contemplated that this process would either take some time to accomplish, or not be accomplished at all. The indemnification clause, as its language clearly indicates, was intended to protect the interests of the parties during the time they remained “partners” in these properties regardless of whether the exchange was actually accomplished. Accordingly, the indemnification clause is an independent and severable agreement, supported by mutual promises (see, Weiner v Mc-Graw-Hill, Inc., 57 NY2d 458, 465-466), and enforceable even though the contract for sale may be otherwise unenforceable. (See, Spaulding v Benenati, 57 NY2d 418, 421, n 1 [1982]; see also, Office of Irwin G. Cantor v Swanke, 186 AD2d 71 [1st Dept 1992].)
Finally, the indemnification agreement is not time barred. A claim for indemnification accrues “upon payment by the party seeking indemnity”. (Bellevue S. Assocs. v HRH Constr. Corp., 78 NY2d 282, 298, n 4 [1991]; McDermott v City of New York, 50 NY2d 211, 217-218 [1980].) Since the verified complaint al *879 leges the commencement of a foreclosure action, payment has apparently not yet been made with respect to the obligation sought to be enforced and the indemnification claim is timely.
Defendants’ motion to dismiss the complaint on Statute of Limitations grounds is denied.

. The contract provides: “This sale is contingent upon [defendant] arranging refinancing of the mortgage on the [New Jersey] property in an amount sufficient to make the two Sixty Thousand ($60,000) Dollar payments herein. In the event that said financing is not completed and funds available by the closing date set herein [October 31, 1990] [plaintiff] shall have the option to cancel this contract or to proceed to closing, permitting the entire One Hundred Twenty Thousand ($120,000) Dollars to be payable [after 1990 in whole or part payment with interest of 13% accruing after January 1, 1991 with the balance paid no later than December 1993]. If the contract is cancelled the parties shall readjust the payments and income that have been made by each on the two premises so that upon completion of said readjustment and the necessary payment, if any, by one party to the other it shall be as if this contract had never been made and as if the parties had not commenced acting on July 1, 1990 based upon the June 30, 1990 adjustment.”

. The contract provides: “While the parties hereto may remain liable as to the existing financing for each property as same was originally made, as between themselves, each as to the other, each shall indemnify the other if their new respective obligations are not met, to wit: If Li does not meet her obligations to pay her respective share for the part of the New Jersey property she is acquiring from Lai, she shall hold harmless and indemnify Lai from any claims made by the bank in connection therewith. Similarly, in the event that Lai does not timely pay the mortgage on the Brooklyn property, Lai shall hold Li harmless and indemnify Li from any claims made by the bank in connection with same.”