■ ASUMAN POLAT, Plaintiff, v FIFTY CPW TENANTS CORPORATION, Defendant and Third-Party Plaintiff-Respondent. JOHN J. FLYNN, P.E., Third-Party Defendant-Respondent; RICHARDSON & LUCAS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [672 NYS2d 56] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 20, 1997, which, in an action by a co-operative tenant shareholder against a residential co-operative for property damage and for breach of the warranty of habitability: (1) granted the co-operative, Fifty CPW Tenants Corporation (Fifty CPW), leave to amend its third-party complaint to add a fourth cause of action for breach of a contractual agreement to procure insurance; (2) granted Fifty CPW partial summary judgment on the issue of liability on that fourth cause of action and on its second cause of action seeking contractual indemnification; (3) granted partial summary judgment on the issue of liability to third-party defendant engineer John J. Flynn, P.E. (Flynn) on his second and third cross-claims seeking damages for breach of the insurance procurement agreement and for contractual indemnification, respectively; and (4) denied the cross-motion of third-party defendant contractor Richardson & Lucas, Inc. (R&L) seeking to dismiss the second and third cross-claims; unanimously modified, on the law, to: (1) deny the motion by Fifty CPW for leave to amend the third-party complaint to add a fourth cause of action and for summary judgment on the issue of liability on that cause of action; (2) deny the motion by Fifty CPW for summary judgment on the issue of liability on its second cause of action; (3) deny the motion for summary judgment by Flynn on his second and third cross-claims; and (4) grant the cross-motion of R&L to dismiss Flynn's second cross-claim; and otherwise affirmed, without costs.

Contrary to the finding of the motion court, Fifty CPW's cause of action and Flynn's cross-claim based on breach of an agreement to procure insurance coverage accrued at the time

that R&L failed to procure such insurance, and are therefore time-barred (*see, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402; *T & N PLC v James & Co.*, 29 F3d 57; *General Conference of Seventh-Day Adventists v AON Reins. Agency*, 826 F Supp 107).

Nonetheless, Fifty CPW's and Flynn's claims for contractual indemnification are timely (*see, McDermott v City of New York*, 50 NY2d 211, 216; *Office of Irwin G. Cantor, P. C. v Swanke Hayden Connell & Partners*, 186 AD2d 71, 71-72), and the motion court properly determined that Flynn was an intended, express third-party beneficiary of the indemnification provision in the contract between R&L and Fifty CPW (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 43-45; *Clapper v County of Albany*, 188 AD2d 774, 776-777; *Gordon Co. v Blodnick, Schultz & Abramowitz*, 150 AD2d 212, *lv denied* 74 NY2d 613).

Finally, since it has not yet been proven that neither Fifty CPW nor Flynn was negligent, the motion court properly denied R&L's motion for summary judgment, which was based on a claim that the indemnification provision violates General Obligations Law § 5-322.1 (*see, Novak v BASF Corp.*, 869 F Supp 113; *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179; *Connolly v Brooklyn Union Gas Co.*, 168 AD2d 477, *lv denied* 78 NY2d 864; *see also, Conley v Salt City Energy Venture*, 234 AD2d 909).

The motion court erred, however, in granting summary judgment to Fifty CPW and Flynn on their claims for contractual indemnification, because the issue of whether the parties were negligent still awaits determination by a jury (*see, Velez v Tishman Foley Partners*, 245 AD2d 155). Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.