■ EDWARD C. SLONIGER et al., Plaintiffs, v NIAGARA MO-HAWK POWER CORPORATION, Defendant and Third-Party Plaintiff. NEW YORK TELEPHONE COMPANY, Third-Party Defendant. NEW YORK TELEPHONE COMPANY, Doing Business as NYNEX, Fourth-Party Respondent, v R.D. WERNER CO., INC., et al., Fourth-Party Defendants-Appellants. (Appeal No. 1.) [761 NYS2d 757] —Appeal from an order of Supreme Court, Niagara County (Joslin, J.), entered September 21, 1998, which granted the motion of fourth-party plaintiff for leave to serve a second amended fourth-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of fourth-party plaintiff for leave to serve a second amended fourth-party complaint to the extent that fourth-party plaintiff sought to add a cause of action alleging that fourth-party defendants breached their contractual obligation to procure insurance coverage for the benefit of fourth-party plaintiff and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting the motion of fourth-party plaintiff for leave to serve a second amended fourth-party complaint to the extent that fourth-party plaintiff sought to add a cause of action alleging that fourth-party defendants breached their contractual obligation to procure insurance coverage for the benefit of fourth-party plaintiff. That cause of action, which accrued at the time of the alleged breach, is time-barred (*see Polat v Fifty CPW Tenants Corp.,* 249 AD2d 163, 163-164 [1998]; *Vanarthros v St. Francis Hosp.,* 234 AD2d 450, 451 [1996]; *see generally Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402 [1993]). The court properly granted

the motion, however, to the extent that fourth-party plaintiff sought to add a cause of action alleging that fourth-party defendants breached their agreement to indemnify fourth-party plaintiff with respect to the claims asserted against it in both the main action and the third-party action. That cause of action, which did not accrue until fourth-party plaintiff made payment on those claims, is timely (*see Fisher v Preston*, 251 AD2d 843, 844 [1998]; *Polat*, 249 AD2d at 164). Finally, the court erred in granting the motion of fourth-party plaintiff to strike the answer of fourth-party defendants and in granting judgment in favor of fourth-party plaintiff based upon fourth-party defendants' delay in complying with discovery demands. "[T]he harsh remedy of striking an answer should be granted only where it is conclusively shown that the discovery default was deliberate or contumacious" (*Gadley v U.S. Sugar Co.*, 259 AD2d 1041, 1042 [1999]; *see Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]). In our view, fourth-party plaintiff failed to make that conclusive showing.

In appeal No. 1, we therefore modify the order by denying the motion of fourth-party plaintiff for leave to serve a second amended fourth-party complaint to the extent that fourth-party plaintiff sought to add a cause of action alleging that fourth-party defendants breached their contractual obligation to procure insurance coverage for the benefit of fourth-party plaintiff. In appeal No. 2, we reverse the order, deny the motion of fourth-party plaintiff to strike fourth-party defendants' answer to the second amended fourth-party complaint, reinstate that answer and vacate the award of judgment in favor of fourth-party plaintiff. In view of our determination, the judgment in appeal No. 3 must be vacated. Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.