OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with the Appellate Division that the Statute of Limitations applicable to this action against an insurance broker for malpractice in the performance of contractual obligations is six years (see, Video Corp. v Flatto Assoc., 58 NY2d 1026), and that the limitation period commenced to run upon defendant’s failure to timely notify the fidelity insurers (see, Kassner & Co. v City of New York, 46 NY2d 544, 550; Davis v City of New York, 38 NY2d 257, 259) and not upon the insurers’ disclaimer of liability for late notification (see, Gilbert Props. v Millstein, 40 AD2d 100, 105, affd 33 NY2d 857). There is no basis for application of the continuous treatment doctrine inasmuch as this case does not involve an uninterrupted course of reliance and services related to the particular duty breached (cf. Richardson v Orentreich, 64 NY2d 896, 898-899). The policy considerations underlying adoption of the discovery rule for foreign objects and implanted objects (see, Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 430-431; Martin v Edwards Labs., 60 NY2d 417, 427) do not call for the *1024 application of the rule here (cf. Goldsmith v Howmedica, Inc., 67 NY2d 120). In any event, it appears that the facts pertaining to the late notification were fully known or discoverable more than six years prior to commencement of the instant action when plaintiff started its lawsuit against the fidelity insurers in Federal court in September 1976 (see, Gilbert Props, v Millstein, supra, at p 104). Accordingly, the complaint was properly dismissed as untimely.