■ KEY Y. SUNG, Respondent, v KYUNG IP HONG, Doing Business as HONG AGENCY, Appellant. [678 NYS2d 116] —In an action *inter alia,* to recover damages for professional malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated August 5, 1997, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (5).

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff commenced an action, in effect, to recover damages for professional malpractice against the defendant, his automobile insurance broker (hereinafter the broker). The broker allegedly breached his promise to procure greater uninsured/underinsured coverage for the plaintiff than he, in fact, obtained. The plaintiff discovered the purported error in coverage when he became involved in a motor vehicle accident

and was unable to recover damages in a sum sufficient to compensate him for his injuries from the tortfeasor's insurance company or his own insurance company pursuant to the underinsurance coverage. The broker moved to dismiss the complaint, *inter alia*, on the ground of documentary evidence, annexing a copy of the insurance application to his motion.

The explicit and unambiguous information included in the application, which the plaintiff and the broker signed, indicates that the plaintiff requested the statutory minimum underinsurance coverage of $10,000 (*see,* CPLR 3211 [a] [1]; *see also, Bronxville Knolls v Webster Town Ctr. Partnership,* 221 AD2d 248). As the plaintiff failed to present sufficient evidence to contradict the contents of the application, the application was dispositive of the plaintiff's claim. Therefore, the Supreme Court erred in denying the defendant's motion to dismiss the complaint.

In light of the court's determination, it is unnecessary to address the defendant's remaining contention. Miller, J P., Krausman, McGinity and Luciano, JJ., concur.