■ John Ruggeri, Respondent, v Michael M. Menicucci et al., Appellants, et al., Defendants. [690 NYS2d 744] —In an action, *inter alia,* to recover damages for legal malpractice, the defendants Michael M. Menicucci and Michael M. Menicucci,

P. C., appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 27, 1998, which denied their motion to dismiss the plaintiff's complaint insofar as asserted against them on the ground that the action was barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

Effective September 4, 1996, the Legislature amended CPLR 214 (6) to provide that the Statute of Limitations for all claims of professional malpractice, other than medical, dental, or podiatric, was to be three years, regardless of how the claim was pleaded (see, L 1996, ch 623, § 1; cf., Santulli v Englert, Reilly & McHugh, 78 NY2d 700). Where, as here, a claim for legal malpractice accrued and was timely under prior case law, but was not yet interposed on the effective date of the amendment to CPLR 214 (6), a party is given a reasonable time from such effective date to interpose the claim (see, Lefkowitz v Preminger, 261 AD2d 447; Coastal Broadway Assocs. v Raphael, 246 AD2d 445; Shirley v Danziger, 252 AD2d 969). Here, the plaintiff failed to interpose his claim against the appellants within a reasonable time of such date. The transaction from which the plaintiff's legal malpractice claim arises occurred in 1991, almost six years before the commencement of this action; even though, by the plaintiff's own admission, damages were apparent within months of the transaction. Further, from at least July 1996, more than a year before his claim was finally interposed, and before the effective date of the 1996 amendment to CPLR 214 (6), the plaintiff was aware that he had a potential claim for legal malpractice against the appellants. The plaintiff did not proffer any reason why he waited until September of 1997 to file his claim, and none is apparent from the record. On the facts presented, the plaintiff failed to interpose his claim within a reasonable time after the effective date of the 1996 amendment to CPLR 214 (6) and the complaint must be dismissed insofar as asserted against the appellants. Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.