■ JAMES P. EARLY et al., Respondents, v FRANK ROSSBACK et al., Appellants. [692 NYS2d 465] —In an action to recover damages for malpractice by real estate appraisers, the defendants Frank Rossback and Frank Rossback Appraisal Service appeal, and the defendants Wesley C. Ford and W.C. Ford Real Estate Corporation, a/k/a Ford Phase II Real Estate, a/k/a Phase II—Lifestyles Unlimited, Inc., separately appeal, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 21, 1998, as (1) denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them, and (2) granted that branch of the plaintiffs' motion which was for leave to serve and file an amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the defendants' motions are granted, that branch of the plaintiffs' motion which was for leave to serve and file an amended complaint is denied, and the complaint is dismissed.

On or about April 2, 1997, the plaintiffs commenced this action to recover damages arising from alleged real estate appraiser malpractice. The last appraisal performed by the

defendants Frank Rossback and Frank Rossback Appraisal Service (hereinafter the Rossback defendants) occurred on January 19, 1994. The only appraisal by the defendants Wesley C. Ford, and W.C. Ford Real Estate Corporation, a/k/a Ford Phase II Real Estate, a/k/a Phase II—Lifestyles Unlimited, Inc. (hereinafter the Ford defendants), was prepared on February 28, 1990. The Rossback defendants moved, and the Ford defendants separately moved, for summary judgment dismissing the complaint. The Supreme Court denied the motion and we reverse.

The determinative question on this appeal is whether the plaintiffs' appraisal malpractice action is time-barred by the amendment to CPLR 214 (6), effective September 4, 1996, which applies a three-year Statute of Limitations to nonmedical professional malpractice claims (*see,* L 1996, ch 623, § 1). Prior to that date, case law provided that the applicable Statute of Limitations for an appraiser malpractice claim turned on the remedy sought (*see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700). If a tort remedy was sought, the applicable Statute of Limitations was three years, whereas if a contract remedy was sought, the applicable Statute of Limitations was six years (*see, Santulli v Englert, Reilly & McHugh, supra; Ruggeri v Menicucci,* 262 AD2d 391).

The action against the Ford defendants is clearly time-barred under both prior law and CPLR 214 (6) as amended. Further, as to the Rossback defendants, CPLR 214 (6), as amended, is applicable to a claim of appraiser malpractice, such as here, that accrued prior to the effective date of the amendment but was not yet interposed as of the effective date of the amendment, regardless of how pleaded (*see, Ruggeri v Menicucci, supra; Lefkowitz v Preminger,* 261 AD2d 447). In such a case, a claimant is given a "reasonable" time from the effective date of the amendment to interpose a claim (*see, Lefkowitz v Preminger, supra*). The plaintiffs failed to interpose their claim against the Rossback defendants within a reasonable time, as the action was not commenced until April 2, 1997, approximately seven months after the September 4, 1996, effective date of the 1996 amendment.

In addition, the court erred in granting the plaintiffs leave to serve an amended complaint inasmuch as the proposed amendment is patently lacking in merit (*see, Marazzo v Marazzo,* 234 AD2d 273; *McKiernan v McKiernan,* 207 AD2d 825). Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.