■ RAYMOND SANTIAGO, Plaintiff, v 1370 BROADWAY ASSOCIATES, L.P., et al., Defendants. (And Third-Party Actions.) HERBERT CONSTRUCTION CO., INC., Now Known as WFC CONSTRUCTION COMPANY, INC., Second Third-Party Plaintiff-Appellant, v ESSENTIAL COVERAGE CORP., Second Third-Party Defendant-Respondent, et al., Second Third-Party Defendants. [695 NYS2d 326] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered March 2, 1998, which, to the extent appealed from, granted third-party defendant Essential Coverage Corp.'s motion for summary judgment dismissing this particular third-party complaint as time-barred, unanimously reversed, on the law, without costs, and the third-party complaint reinstated.

Malpractice is the negligence of a professional toward a person for whom a service is rendered (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 214.24). A "profession" is an occupation generally associated with long-term educational requirements leading to an advanced degree, licensure evidencing qualifications met prior to engaging in the occupation, and control of

the occupation by adherence to standards of conduct, ethics and malpractice liability (*see, Matter of Rosenbloom v State Tax Commn.*, 44 AD2d 69, 71, *lv denied* 34 NY2d 518). For purposes of the three-year Statute of Limitations for malpractice (CPLR 214 [6]), this field has traditionally been limited to such "learned professions" as law (*Weiss v Manfredi*, 83 NY2d 974), accountancy (*Meinhard-Commercial Corp. v Sydney*, 109 AD2d 678), architecture (*Board of Mgrs. of Yardarm Beach Condominium v Vector Yardarm Corp.*, 109 AD2d 684, *appeal dismissed* 65 NY2d 998) and engineering (*Tambrands, Inc. v Lockwood Greene Engrs.*, 178 AD2d 406). An insurance broker or agent, on the other hand, does not fit within this pattern (*see, Port Auth. v Evergreen Intl. Aviation*, 179 Misc 2d 674).

The applicable Statute of Limitations here is six years (CPLR 213), based upon the contractual relationship between the parties in this third-party action (*National Life Ins. Co. v Hall & Co.*, 67 NY2d 1021; *see, AJ Contr. Co. v Trident Mgrs.*, 234 AD2d 195). To the extent that our opinion in *AJ Contr. Co.* might be read to include insurance brokers as "professionals" for purpose of the non-medical professional malpractice Statute of Limitations, we now disavow such an implication. An insurance broker is not capable of committing "professional malpractice" in accordance with CPLR 214 (6).

The Statute began to run upon the insured's receipt of the certificate of insurance (*Hennessey v General Acc. Ins. Co.*, 257 AD2d 750). Accordingly, there should be a factual determination as to whether this action was timely commenced within six years of such receipt. Concur—Nardelli, J. P., Williams, Tom, Wallach and Andrias, JJ.