■ MARINE MIDLAND BANK, Respondent, v McCARTHY, FINGAR, DONOVAN, DRAZEN & SMITH, Appellant. [705 NYS2d 651] —In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 19, 1999, which denied its motion to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

Effective September 4, 1996, the Legislature amended CPLR 214 (6) to provide that the Statute of Limitations for all claims of professional malpractice, other than medical, dental, or podiatric, was to be three years, regardless of how the claim was pleaded (*see,* L 1996, ch 623, § 1; *cf., Santulli v Englert, Reilly & McHugh,* 78 NY2d 700). Where, as here, a claim for legal malpractice accrued and would have been timely under prior case law, but was not yet interposed on the effective date of the amendment to CPLR 214 (6), a party is given a reasonable

time from the effective date to interpose the claim (see, *Ruggeri v Menicucci,* 262 AD2d 391; *Lefkowitz v Preminger,* 261 AD2d 447). Under the facts of this case, the interposition of the plaintiff's claim against the appellant 57 days after such date was within a reasonable time. Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.