209 F.3d 114 (2nd Cir. 2000)
 In re: DAWNWOOD PROPERTIES/78, Debtor.
JOHN P. ROONEY and DAWNWOOD PROPERTIES/78, Plaintiffs-Appellants,
v.
BLAKE THORSON, AIA, as Executor of the Estate of Robert L. Thorson, deceased, and CARSON, LUNDIN &AMP; THORSON, P.C., Defendants-Appellees.
 Docket No. 99-5041
August Term, 1999
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: March 16, 2000
Decided: April 07, 2000
 
 Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, Judge) affirming the dismissal by the Bankruptcy Court (Burton R. Lifland, then-Chief Bankruptcy Judge) of an adversary proceeding initiated by a Chapter 11 debtor and its chief owner. We conclude that dismissal was proper because, under 11 U.S.C. 323(b), only the trustee appointed to manage the bankruptcy estate could initiate the proceeding. We further conclude that the District Court properly denied leave to file a new complaint because the action was time-barred.
 Affirmed.
 John P. Rooney, New York, NY, for Plaintiffs-Appellants.
 Richard E. Signorelli (Joel S. Stern, on the brief), Stern, Levy & Pellegrino, LLP, New York, NY, for Defendants-Appellees.
 Before: CABRANES and SOTOMAYOR, Circuit Judges, and TRAGER, District Judge.*
 Jose A. Cabranes, Circuit Judge:
 
 
 1
 Plaintiffs appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, Judge) affirming the dismissal by the Bankruptcy Court (Burton R. Lifland, then-Chief Bankruptcy Judge) of an adversary proceeding initiated by a Chapter 11 debtor, Dawnwood Properties ("Dawnwood"), and John P. Rooney, an attorney who owns 95% of Dawnwood's equity and serves as Dawnwood's counsel in the instant action. We conclude that dismissal was proper because, under 11 U.S.C. 323(b),[1] only the trustee appointed to manage the Chapter 11 bankruptcy estate was capable of initiating the instant adversary proceeding. We further conclude that the District Court properly denied leave to file a new complaint because any new action would have been time-barred.
 
 
 2
 The material facts set forth below are not in dispute. This adversary proceeding arises out of alleged malpractice and breach of contract committed by an architectural firm, Carson, Lundin & Thorson ("CLT"), in which the now-deceased Robert Thorson was a partner. Defendants agreed in 1976 to supervise construction of Dawnwood, a housing complex consisting of twenty-four garden apartments in Greenport, New York. In April 1990, Dawnwood served Robert Thorson and CLT in the Supreme Court of the State of New York, New York County, with a summons and notice of action for breach of contract and malpractice. Despite subsequent requests for service of a full complaint, none was served.
 
 
 3
 On November 23, 1994, Dawnwood filed a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. 101 et seq. Soon thereafter, Dawnwood's primary lender secured appointment by the Bankruptcy Court of a permanent trustee to manage the bankruptcy estate. On January 26, 1996, Rooney filed with the Bankruptcy Court the complaint initiating the instant adversary proceeding. On March 25, 1996, the Bankruptcy Court held a conference concerning the proposed action, at which the trustee stated:
 
 
 4
 This adversary proceeding . . . was brought without reference to the Trustee nor with the Trustee's consent or permission. This is an action that was brought on behalf of the estate by Mr. Rooney himself . . . without authority of the Trustee to bring this matter.
 
 
 5
 We are a little bit concerned that Mr. Rooney has taken some comments that may have been made on the record to understand that he has carte blanche to sue people on behalf of the estate, which is not correct.
 
 
 6
 . . . .
 
 
 7
 We believe that the Trustee is the only person to bring these actions, and we didn't bring them for numerous reasons, not least of which is that this action [is time-barred].
 
 
 8
 In re Dawnwood Properties/78, 231 B.R. 167, 174 (S.D.N.Y. 1999) (quoting Hearing Transcript at 6, 8). The Bankruptcy Court dismissed the adversary complaint on April 5, 1996.
 
 
 9
 On appeal from the Bankruptcy Court, the District Court affirmed the dismissal. The District Court found that: (1) plaintiffs' failure to comply with the request to serve the complaint in 1990 barred the action; (2) the adversary proceeding was time-barred; and (3) plaintiffs lacked standing. See id. at 171-74. We review this decision independently, "accepting findings of fact unless clearly erroneous but reviewing conclusions of law de novo." In re Casse, 198 F.3d 327, 332 (2d Cir. 1999).
 
 
 10
 Once the trustee was appointed to maximize the assets of the Chapter 11 bankruptcy estate, neither Rooney nor Dawnwood had standing to bring this adversary proceeding on Dawnwood's behalf; that authority instead rested solely with the trustee. See 11 U.S.C. 323(b); Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988); Vreugdenhil v. Hoekstra, 773 F.2d 213, 215 (8th Cir. 1985); In re 47-49 Charles Street, Inc., 211 B.R. 5, 6 (S.D.N.Y. 1997); 3 COLLIER ON BANKRUPTCY 323.03, at 323-7 (15th ed. rev. Mar. 2000). Accordingly, we have no difficulty concluding that when plaintiffs filed their adversary proceeding complaint in January 1996, they lacked standing to initiate this matter. Therefore, the case properly was dismissed.
 
 
 11
 In reaching this conclusion, we note that our decision in Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 515-16 (2d Cir. 1998) (per curiam), is readily distinguishable. In Olick, we found that a Chapter 13 debtor retains standing to litigate causes of action that, outside of bankruptcy, would belong to the debtor. In so ruling, we focused both on legislative history specific to Chapter 13 and the fact that, because creditors' recovery in Chapter 13 is drawn from a debtor's earnings rather than from assets of the bankruptcy estate, a trustee's participation is not needed to protect the rights of Chapter 13 creditors. See id. at 516. Neither of these reasons applies to the instant case, in which the main creditor of a Chapter 11 debtor secured the appointment of the trustee to manage the estate and, at least implicitly, to protect its assets from the debtor-in-possession. As this situation is readily distinguishable from the Chapter 13 rehabilitation of an individual debtor with a regular stream of income, we hold that the trustee appointed to manage the Chapter 11 estate in this case had the sole capacity to bring this adversary proceeding.
 
 
 12
 Because the trustee abandoned the instant claims on August 13, 1997, after the Bankruptcy Court's dismissal but before the District Court considered the matter, we interpret the District Court's dismissal on the alternative ground that the action was time-barred as a denial of leave to file a new complaint. We affirm that denial. There is no question that New York Civil Practice Law and Rules 214(6) provides the applicable limitation period for plaintiff's claims, which in essence constitute an action for professional malpractice. See generally Santiago v. 1370 Broadway Assocs., L.P., 695 N.Y.S.2d 326, 327 (1st Dep't 1999) (architecture included in the "learned professions" to which 214(6) applies). However, the parties dispute whether we should apply the six-year period that was in effect when this action was initiated in January 1996 or the three-year period that became effective on September 4, 1996, when 214(6) was amended.[2] The instant claims accrued no later than April 1990, when Dawnwood and Rooney initiated a state court action against Robert Thorson and CLT asserting claims identical to those raised here. Accordingly, by the time the trustee abandoned the claims in August 1997, even the six-year limitation period would have expired. As the instant claims are untimely even under the longer period, we need not decide the issue of the applicable limitation period in finding that the District Court properly found the claims time-barred.
 
 
 13
 We note in conclusion that, prior to the expiration of the limitation period-in April 1996 at the latest-plaintiffs were not wholly without recourse to pursue the instant claims. Rather, they could have referred the matter to the trustee for his consideration of whether it was in the interest of the bankruptcy estate to pursue the action. The trustee specifically noted in the hearing before the Bankruptcy Court that the adversary proceeding "'was brought without reference to the Trustee.'" 231 B.R. at 174 (quoting Hearing Transcript at 6). Ultimately, it was within the trustee's discretion to pursue the claims, let them lie, or abandon them in order to allow the debtor to proceed. If not satisfied with the trustee's response, plaintiffs were free to bring the matter to the attention of the Bankruptcy Court for whatever directions or relief the Court thought appropriate, including a direction to the trustee either to initiate the action in question or to abandon the claims within the limitation period so as to allow the plaintiffs to pursue the claims on their own.
 
 
 14
 For the reasons set forth above, the judgment of the District Court is hereby affirmed.
 
 
 
 Notes:
 
 
 *
 The Honorable David G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.
 
 
 [1]
 Section 323(b) provides that "[t]he trustee in a case under this title has capacity to sue and be sued."
 
 
 [2]
 As amended, 214 provides in relevant part:
 The following actions must be commenced within three years:
 . . . .
 6. an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort . . . .
 (emphasis added). The italicized portion, added in 1996, brought all nonmedical malpractice claims within the three-year limitation period, thereby abrogating the New York Court of Appeals's decisions in Santulli v. Englert, Reilly & McHugh, P.C., 78 N.Y.2d 700 (1992), and Sears, Roebuck & Co. v. Enco Assocs., Inc., 43 N.Y.2d 389 (1977), which had held that the six-year limitation period under CPLR 213(2) applied whenever a plaintiff's malpractice claim sought damages for pecuniary or property loss. See VINCENT C. ALEXANDER, Supplementary Practice Commentaries CPLR 214, 188-93 (McKinney Supp. 1999-2000).