■ Town of Newburgh, Respondent-Appellant, v Geary F. Chumard et al., Appellants-Respondents, et al., Defendant. [706 NYS2d 442] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Geary F. Chumard, William G. McEvilly, and Chumard & Associates appeal from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 6, 1999, as denied that branch of their motion which was to dismiss the first cause of action in the complaint insofar as asserted against them, and the plaintiff cross-appeals from so much of the same order as granted that branch of the motion of the defendants Geary F. Chumard, William G. McEvilly, and Chumard & Associates which was to dismiss the second cause of action insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the second cause of action insofar as asserted against the defendants Geary F. Chumard, William G. McEvilly and Chumard & Associates, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs payable to the plaintiff.

The plaintiff Town of Newburgh seeks to recover damages from, among others, the defendants Geary F. Chumard, William G. McEvilly, and Chumard & Associates (hereinafter collectively C & A) for engineering malpractice. Its first cause of

action alleging breach of contract and its second cause of action alleging negligence accrued no later than November 5, 1992. The action was commenced on October 25, 1996, approximately seven weeks after the effective date of the amendment to CPLR 214 (6), which provides that a three-year Statute of Limitations is applicable to nonmedical malpractice actions regardless of whether the claim is based in contract or tort (*see,* L 1996, ch 623, §§ 1, 2). C & A moved to dismiss the complaint as time-barred. The Supreme Court granted the motion only to the extent of dismissing the second cause of action.

Where a nonmedical professional malpractice claim accrued and would have been timely under prior case law, but was not yet interposed on the effective date of the amendment to CPLR 214 (6), a party is given a reasonable time from the effective date of the amendment to commence an action (*see, Ruggeri v Menicucci,* 262 AD2d 391; *Lefkowitz v Preminger,* 261 AD2d 447; McKinney's Cons Laws of NY, Book 1, Statutes § 59, at 131). We agree with the Supreme Court that the plaintiff, a municipal corporation, is entitled to the same reasonable time to interpose its claim as is afforded a private litigant (*see, People ex rel. Rodgers v Coler,* 166 NY 1, 11; *People v Ingersoll,* 58 NY 1, 29-30; *Town of Walton v Adair,* 96 App Div 75, 80; *Matter of Crespo,* 123 Misc 2d 862; *Rivera v Laporte,* 120 Misc 2d 733). Consequently, the court properly declined to dismiss the plaintiff's breach of contract cause of action.

The court erred, however, in dismissing the second cause of action alleging negligence. Before the amendment to CPLR 214 (6), the six-year Statute of Limitations was applicable to the plaintiff's tort cause of action insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action (*see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 707; *Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 397). Consequently, the tort claim was not time-barred under prior case law when the amendment became effective and, therefore, the plaintiff also had a reasonable period of time to interpose that claim. The plaintiff can proceed under both theories of liability, but any recovery is limited to contract damages (*see, Sears, Roebuck & Co. v Enco Assocs., supra,* at 398). Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.