[708 NYS2d 128]

CHASE SCIENTIFIC RESEARCH, INC., Appellant, v NIA GROUP, INC., Also Known as NIA-KLT, et al., Respondents.

Second Department, May 15, 2000

116

APPEARANCES OF COUNSEL

*Barton & Zasky,* New York City (*Roger E. Barton* and *Hillary H. Hughes* of counsel), for appellant.

*Lustig & Brown,* New York City (*Gil A. Isidro* of counsel), for respondents.

## OPINION OF THE COURT

FRIEDMANN, J.

On the instant appeal, we must determine whether the three-year Statute of Limitations set forth in CPLR 214 (6), as amended in 1996 (L 1996, ch 623, § 1), which governs certain malpractice actions, applies to bar the instant action against insurance brokers to recover damages arising out of their alleged failure to procure appropriate insurance for their client, or whether the action is governed by the six-year Statute of Limitations applicable to breach of contract actions (*see,* CPLR 213). Stated differently, we must determine whether insurance brokers are capable of committing malpractice within the meaning of CPLR 214 (6). We hold that insurance brokers are capable of committing malpractice and, therefore, that the instant action is governed by the three-year Statute of Limitations set forth in CPLR 214 (6).

In May 1995, the plaintiff Chase Scientific Research, Inc. (hereinafter Chase), retained the defendant insurance brokers to obtain commercial property insurance for its business. On May 31, 1995, the defendants procured such a policy for Chase. In or about January 1996, while that policy was in effect, a storm damaged Chase's warehouse, causing Chase to suffer a loss. Chase filed a claim with its insurance carriers, which acknowledged that the incident was a "covered occurrence" under the policy. Although Chase demanded the policy limits ($550,000) on claimed losses of over $1,000,000, its insurance carriers offered only $50,000. Chase eventually settled an action which it brought against its insurance carriers for $275,000.

On January 7, 1999, Chase commenced the instant action against the defendants, alleging, in relevant part, that the insurance policy which the defendants had procured for it had been inappropriate to its particular business and property. The

complaint asserted two causes of action sounding in negligence and breach of contract, alleging that the defendants failed to recognize the nature of Chase's business and products; that they failed to secure an adequate appraisal of its property; that they had failed to procure an insurance policy which would fully indemnify it in the event of a loss; and that they failed to properly administrate its claim.

The defendants moved to dismiss the action as time barred, asserting that the three-year Statute of Limitations applicable to certain malpractice actions (CPLR 214 [6]) governed, and that the Statute of Limitations accrued when they procured the policy in May 1995. In opposition to the defendants' motion, Chase argued that the six-year Statute of Limitations applicable to contract actions (CPLR 213) applied, and that the Statute of Limitations began to run on January 19, 1996, the date of its loss. By order entered May 13, 1999, the Supreme Court, Westchester County, granted the defendants' motion to dismiss. The court concluded that the action was time barred because (1) Chase's action sounded in malpractice and, therefore, was subject to the three-year Statute of Limitations of CPLR 214 (6), as amended in 1996, and (2) the action accrued in May 1995, when the defendants procured the subject insurance policy. On June 16, 1999, a judgment dismissing the complaint was entered upon that order.

Prior to September 4, 1996, CPLR 214 provided, in relevant part, as follows:

"The following actions must be commenced within three years * * *

"6. an action to recover damages for malpractice, other than medical, dental or podiatric malpractice."

In *Sears, Roebuck & Co. v Enco Assocs.* (43 NY2d 389), the Court of Appeals held that the six-year Statute of Limitations (CPLR 213 [2]) applied to what was essentially a claim to recover damages for professional malpractice against an architect. The Court reasoned that the six-year Statute of Limitations applied because the action "arose out of the contractual relationship of the parties" and "all liability alleged in this complaint had its genesis in the contractual relationship of the parties" (*Sears, Roebuck & Co. v Enco Assocs., supra,* at 396). However, because the plaintiff in that action had not commenced the action within three years after the accrual of its claims, the Court also held that the damages which the plaintiff could recover were limited to those recoverable for breach of contract, and not damages recoverable in tort (*Sears, Roebuck*

& Co. v Enco Assocs., supra, at 396-397). Finally, the Court also distinguished between actions for personal injury, to which the three-year Statute of Limitations applied, and "actions for damages to property or pecuniary interest only" (*Sears, Roebuck & Co. v Enco Assocs., supra,* at 395). Later, the Court of Appeals clarified its holding, stating that "an action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of Limitations" (*Video Corp. v Flatto Assocs.,* 58 NY2d 1026, 1028).

Subsequent cases applied the holding of the Court of Appeals in *Sears, Roebuck & Co. v Enco Assocs. (supra)* to a variety of professions and claims. For example, *Video Corp. v Flatto Assocs. (supra)* was an action against an insurance broker for "failure to procure full and adequate insurance coverage" (*Video Corp. v Flatto Assocs., supra,* at 1027; *see also, National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021). It was also applied, *inter alia,* to malpractice actions against attorneys (*see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Sinopoli v Cocozza,* 105 AD2d 743) and accountants (*see, Spingold Found. v Wallin, Simon, Black & Co.,* 184 AD2d 464).

Effective September 4, 1996, however, the Legislature amended CPLR 214 (6) to provide that the three-year Statute of Limitations applies to: "an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, *regardless of whether the underlying theory is based in contract or tort*" (emphasis added).

The Legislature indicated that this amendment was necessary because the courts had "expanded the statute of limitations, in cases where the essential actions complained of consist of malpractice, to six years under breach of contract theory, thereby abrogating and circumventing the original legislative intent" (Senate Mem in Support, 1996 McKinney's Session Laws of NY, at 2547). Thus, the amendment served "to reaffirm the legislative intent that where the underlying complaint is one which essentially claims that there was a failure to utilize reasonable care or where acts of omission or negligence are alleged or claimed, the statute of limitations shall either be three years if the case comes within the purview of CPLR Section 214 (6), or two and one half years if it comes within the purview of CPLR Section 214-a, regardless of whether the theory is based in tort or in a breach of contract" (Mem of Sen. Volker, 1996 NY Legis Ann, at 440). Thus, the Legislature

made it clear that any malpractice action which does not come within the purview of CPLR 214-a is governed by a three-year Statute of Limitations.

We hold that CPLR 214 (6), as amended, applies to malpractice actions against insurance brokers. The Court of Appeals previously recognized the existence of an "action against an insurance broker for malpractice in the performance of contractual obligations" (*National Life Ins. Co. v Hall & Co.,* 67 NY2d, *supra,* at 1023). This Court has also recognized the existence of such a cause of action (*see, Sung v Kyung Ip Hong,* 254 AD2d 271; *Electronic Servs. Intl. v Silvers,* 233 AD2d 361). Additionally, this Court has recently applied CPLR 214 (6), as amended, to bar a malpractice claim against a real estate appraiser (*see, Early v Rossback,* 262 AD2d 601). There is no reason why the three-year Statute of Limitations should apply to a malpractice action against a real estate appraiser, but not to such an action against an insurance broker (*cf., Santiago v 1370 Broadway Assocs.,* 264 AD2d 624; *20 Clarke Place Realty Corp. v Rudges & Co.,* 267 AD2d 141; *Telegdi v A.M.R. Servs. Corp.,* 2000 WL 264333, 2000 US Dist LEXIS 2193 [ED NY, Jan. 21, 2000, Dearie, J.]). In connection with this, we note that the purpose of Insurance Law § 2104 (a) (1), which requires that a broker be licensed, "is to protect the public by requiring and maintaining *professional standards of conduct* on the part of all insurance brokers acting as such within this state" (Insurance Law § 2104 [a] [2] [emphasis supplied]).

We also note that in the instant case, the Supreme Court correctly determined that Chase's cause of action against the defendants accrued in May 1995, when the defendants procured the allegedly inadequate policy (*see, Ackerman v Price Waterhouse,* 84 NY2d 535, 541), and the three-year Statute of Limitations expired before Chase commenced the instant action on January 7, 1999. In connection with this, we note that CPLR 214 (6), as amended, has been applied to claims which, as here, accrued before the effective date of the amendment, but had not yet been interposed as of the effective date of the amendment. Under such circumstances, a plaintiff has a reasonable time from the effective date of the amendment (September 4, 1996) to interpose a claim (*see, Early v Rossback, supra; Ruggeri v Menicucci,* 262 AD2d 391). In the instant case, Chase commenced the instant action more than two years after the effective date of the amendment to CPLR 214 (6). This was not within a reasonable time (*see, Early v Rossback, supra; Ruggeri v Menicucci, supra*).

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Accordingly, the appeal from the order is dismissed, and the judgment is affirmed.

BRACKEN, J. P., SANTUCCI, ALTMAN and H. MILLER, JJ., concur.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.