■ MORSE DIESEL INTERNATIONAL, Respondent, v CNA INSURANCE COMPANIES et al., Respondents, and ALLIED COVERAGE CORP. et al. Appellants. [707 NYS2d 499] —In an action, *inter alia,* for a judgment declaring that the defendant CNA Insurance Companies is required to defend and indemnify the plaintiff in an action entitled *Kowalski v Fortunato Sons,* pending in the Supreme Court, Suffolk County, under Index No. 96/4768, and to recover damages for negligence, the defendant Allied Coverage Corp. appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 22, 1999, as denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it, and the defendant A.J. Bonocore Agency, Inc., separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion and cross motion are granted, the complaint and cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

Morse Diesel International (hereinafter Morse Diesel) commenced this action against CNA Insurance Companies (hereinafter CNA), A.J. Bonocore Agency, Inc. (hereinafter Bonocore), Allied Coverage Corp. (hereinafter Allied), and Fortunato Sons, Inc. (hereinafter Fortunato), in October 1997, *inter alia*, for a judgment declaring that CNA was required to defend and indemnify it in a personal injury action commenced by its employee, Michael Kowalski. Morse Diesel also sought to recover damages from the appellants, Bonocore and Allied, which are insurance brokers, on the ground that they negligently failed to have it named as an additional insured on the policy issued by CNA to Fortunato. The personal injury action involved an accident at a construction site where Kowalski was working on January 6, 1994. Kowalski's complaint alleged that Fortunato, a subcontractor on the site, was negligent. Fortunato commenced a third-party action against Morse Diesel in February 1997. CNA issued a liability policy to Fortunato that was in effect on the date of the accident, and Fortunato was contractually obligated to have Morse Diesel named as an additional insured on the policy. However, CNA disclaimed coverage of Morse Diesel in June 1997, on the ground that Morse Diesel was not named as an additional insured on the policy issued by CNA to Fortunato. The appellants moved to dismiss the complaint and cross claims insofar as asserted against them, *inter alia*, on the ground that the cause of action against them was barred by the Statute of Limitations.

The three-year Statute of Limitations in CPLR 214 (6), applies to a malpractice claim against an insurance broker (*see, Chase Scientific Research v NIA Group,* 268 AD2d 115, 2000 NY Slip Op 04853 [decided herewith]). Contrary to the contention of Morse Diesel, the cause of action against the appellants accrued when the allegedly negligent acts or omissions occurred, that is, when the appellants failed to have Morse Diesel named as an additional insured prior to the accident on January 6, 1994, not when CNA disclaimed coverage in June 1997 (*see, National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021; *Video Corp. v Flatto Assocs.,* 85 AD2d 448, *mod on other grounds* 58 NY2d 1026; *see also, Chase Scientific Research v NIA Group, supra*). The three-year Statute of Limitations therefore had expired when the action was commenced.

We note that because the cause of action accrued before the effective date of the amendment to CPLR 214 (6) (Sept. 4, 1996), but the action was not commenced until after the effective date of the amendment, although it was within the former six-year Statute of Limitations, the issue is whether the action was commenced within a reasonable time after the September 4, 1996, effective date (*see, Chase Scientific Research v NIA Group, supra; Early v Rossback,* 262 AD2d 601; *Ruggeri v Menicucci,* 262 AD2d 391; *Lefkowitz v Preminger,* 261 AD2d 447). We conclude that the commencement of the action approximately one year after the effective date of the amendment was not reasonable (*see, Ruggeri v Menicucci, supra*). Morse Diesel could have discovered that it had not been provided with the requested coverage by requesting a copy of the policy. Accordingly, the cause of action against the appellants should have been dismissed.

In view of our determination, we do not reach the appellants' remaining contentions. O'Brien, J. P., Friedmann, Florio and H. Miller, JJ., concur.