■ GIUSEPPE GUGLIOTTA, Appellant, et al., Plaintiff, v APOLLO ROLAND BROKERAGE, INC., et al., Respondents, et al., Defendants. [712 NYS2d 398] —In an action, *inter alia,* to recover damages for insurance broker malpractice, the plaintiff Giuseppe Gugliotta appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.),

dated July 27, 1999, as granted those branches of the motion of the defendants Apollo Roland Brokerage, Inc., and Thomas Lovetere s/h/a Thomas Loveter, which were to dismiss the first, second, and fifth, causes of action in the amended complaint insofar as asserted against them on the ground that those causes of action are time-barred, and also dismissed the sixth cause of action asserted against Thomas Lovetere s/h/a Thomas Loveter.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing the sixth cause of action in the amended complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the sixth cause of action is reinstated.

Contrary to the appellant's contention, the Supreme Court properly dismissed the first, second, and fifth causes of action insofar as asserted against the defendants Thomas Lovetere s/h/a Thomas Loveter and Apollo Roland Brokerage, Inc., as those causes of action are barred by the three-year Statute of Limitations in CPLR 214 (6) (*see, Chase Scientific Research v NIA Group,* 268 AD2d 115; *see also, Morse Diesel Intl. v CNA Ins. Cos.,* 272 AD2d 455).

The Supreme Court, however, incorrectly dismissed the sixth cause of action asserted against the defendant Thomas Lovetere s/h/a Thomas Loveter. The respondents' motion did not seek dismissal of that cause of action. Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.