■ THRUWAY INVESTMENTS et al., Appellants, v O'CONNELL AND ARONOWITZ, P. C., Respondent. [719 NYS2d 143] —Crew III, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 28, 1999 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

In October 1990, pursuant to a written retainer agreement, plaintiff Thruway Investments, a limited partnership, hired defendant to represent it on its petition for reorganization under chapter 11 of the Federal Bankruptcy Code (11 USC). Beginning in April 1992, plaintiffs expressed dissatisfaction with defendant's representation and, in February 1997, commenced this action for legal malpractice based upon acts of alleged malpractice occurring between October 1990 and

November 1992. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint contending, *inter alia*, that plaintiffs' action was barred by the applicable Statute of Limitations. Supreme Court granted defendant's motion, prompting this appeal.

We reverse. CPLR 214 (6), which governs plaintiffs' malpractice action, was amended on September 4, 1996 and shortened the Statute of Limitations for, *inter alia*, legal malpractice actions from six years to three years from the latest date of accrual (*see*, L 1996, ch 623). As plaintiffs alleged that the purported acts of malpractice occurred between October 1990 and November 1992, the net effect of the amendment as applied to plaintiffs was to render their otherwise timely action untimely. Under prior case law, our inquiry would have distilled to whether plaintiffs' claim was interposed within a "reasonable time" after the effective date of the statutory amendment (*see, e.g., Ruggeri v Menicucci*, 262 AD2d 391, 392). While the instant appeal was pending, however, the Court of Appeals decided *Brothers v Florence* (95 NY2d 290) and adopted a bright-line rule, holding that where, as here, the claim for nonmedical malpractice accrued prior to the date of the statutory amendment but was not interposed as of that date, i.e., September 4, 1996, the plaintiff's time to commence the action was the "shorter of either the remaining time under the former six-year limitations period or one year from that amendment's effective date" (*id.*, at 305). Inasmuch as plaintiffs commenced this action within one year of the amendment's effective date, the action was timely commenced.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion for summary judgment denied.