■ HERMAN TROMBLEY, Appellant, v POISSANT & NICHOLS, P. C., et al., Respondents. [719 NYS2d 769] —Lahtinen, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 5, 1999 in Clinton County, which, *inter alia*, granted defendants' motions to dismiss the complaint as time barred.

Plaintiff sued defendant Poissant & Nichols, P. C. (hereinafter the law firm), defendant Chauvin Agency, Inc. and defendant Excelsior Insurance Company on January 25, 1999 alleging legal malpractice by the law firm (which action the parties agree accrued on February 17, 1993) and breach of contract by both Chauvin and Excelsior (which action plaintiff contends accrued no later than August 2, 1995). All defendants moved for dismissal claiming that the actions against each were time barred. Supreme Court granted defendants' motions and plaintiff appeals.

After this appeal was perfected, the Court of Appeals decided *Brothers v Florence* (95 NY2d 290) holding that all "nonmedical malpractice plaintiffs immediately barred as of the September 4, 1996 effective date of the amendment shall have the shorter of either the remaining time under the former six-year limitations period or one year from that amendment's ef-

fective date in which to commence their actions" (*id.*, at 305).[1] At oral argument plaintiff's counsel conceded that his legal malpractice claim was foreclosed by the *Brothers* holding.

Plaintiff also conceded at oral argument that if this Court considered insurance brokers among the professionals to whom the three-year Statute of Limitations set out in CPLR 214 (6) applies, then his causes of actions against Chauvin and Excelsior,[2] which are most accurately described as insurance broker's malpractice claims arising from a breach of contract (*see*, CPLR 214 [6]), would also be time barred.

Plaintiff argues that insurance brokers are not professionals subject to the provisions of CPLR 214 (6) and finds support for his position in cases decided in the First Department (*see, 20 Clarke Place Realty Corp. v Rudges & Co.*, 267 AD2d 141; *Santiago v 1370 Broadway Assocs.*, 264 AD2d 624, *lv granted* 275 AD2d 1046). However, the Second Department holds a contrary view (*see, Chase Scientific Research v NIA Group*, 268 AD2d 115, 119, *lv granted* 95 NY2d 762) and the matter will be definitively resolved when the Court of Appeals decides *Chase Scientific Research v NIA Group* (*supra*). In the meantime, we are of the opinion that the holding of the Second Department is more in line with the Court of Appeals' rulings in this area (*see, e.g., Early v Rossback*, 95 NY2d 290 [ruling that a real estate appraiser is subject to the provisions of CPLR 214 (6)]), and conclude that the provisions of CPLR 214 (6) apply to insurance brokers. Plaintiff's actions against Chauvin and Excelsior are therefore time barred.

In light of the above, we need not consider plaintiff's remaining contentions.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

---

1. A September 4, 1996 amendment to CPLR 214 (6) (L 1996, ch 623) established a three-year Statute of Limitations for all nonmedical malpractice claims.

2. Plaintiff claims that Excelsior's liability arises from "its relationship with Chauvin as a binding agent."