SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.
Debtor-Appellant Yva G. Scringer (“Scringer”) appeals from a judgment of the Eastern District of New York (Trager, *797 J.) dismissing her appeal from an order by Bankruptcy Judge Swain and affirming the denial of a variety of motions submitted by Scringer to Bankruptcy Judge Craig. Scringer argues that both of these decisions constitute clear error.
After Scringer defaulted in March 1997, Creditor-Appellee GreenPoint began foreclosure proceedings on her real property located in Brooklyn, NY. Since her default, Scringer has filed bankruptcy petitions under Chapter 13 three times in the past five years.
In February 2000, in the course of the second bankruptcy proceeding, the bankruptcy court (Swain, J.) entered an order confirming a plan under Chapter 13 and continuing the automatic stay until the dismissal of the case. Scringer failed to keep her payment schedule. In June 2000, Judge Swain issued a conditional order notifying Scringer that she had defaulted on her post-petition mortgage payments to GreenPoint and that, if she did not cure, the court would lift the automatic stay and allow foreclosure proceedings to continue. On August 25, 2000, with Scringer still in default, Judge Swain dismissed the Chapter 13 case with prejudice and enjoined Scringer from “filing any petition in bankruptcy for a period of 1 year from the date of this Order absent prior permission granted by the court pursuant to a written application.”
GreenPoint therefore proceeded with foreclosure in New York state court. On December 14, 2000, GreenPoint obtained a judgment of foreclosure and sale from the New York Supreme Court. A foreclosure sale was held May 10, 2001 and the property was sold to Patrick Lunn.
Scringer claims that she received no notice of the dismissal until Lunn appeared at her property on May 17, 2001 with a copy of Judge Swain’s dismissal order. That assertion is false because, on May 2, 2001, Scringer sought to vacate this order and re-file a petition in a different bankruptcy court (Craig, J.). The motion to vacate Judge Swain’s order was denied as untimely under Rule 9023 of the Federal Rules of Bankruptcy Procedure and Fed. R.Civ.P. 59(b), (e). Judge Craig also found that Scringer had failed to show cause for reopening the case and setting aside the completed foreclosure. Scringer appealed Judge Craig’s dismissal to the district court.
Before her appeal was heard in district court, Scringer filed another motion, this time before Bankruptcy Judge Milton, to modify Judge Swain’s order, reopen the previously closed Chapter 13 case, and have the foreclosure set aside as a violation of the automatic stay. Finding no grounds to reopen the previously closed Chapter 13 case, Judge Milton denied all of Scringer’s motions.
Finally, in a November 6, 2002 Order, the district court dismissed Scringer’s appeal of Judge Swain’s order as untimely under Rule 8002(a) of the Federal Rules of Bankruptcy Procedure and affirmed Judge Craig’s denial of Scringer’s various motions to reopen her Chapter 13 case. Under 28 U.S.C. § 158(d), this Court has jurisdiction to review both of these final decisions by the district court.
As a general matter, this Court reviews the decision by a District Court to affirm a dismissal of an action by the Bankruptcy Court “independently, accepting findings of fact unless clearly erroneous but reviewing conclusions of law de novo.” In re Dawnwood Properties/78, 209 F.3d 114, 116 (2d Cir.2000) (citations and internal quotation marks omitted). We “will affirm a bankruptcy court’s order barring subsequent filings by a particular debtor if [we] can discern neither legal nor factual error, nor abuse of discretion, in the bankruptcy court’s ruling.” In re Casse, 198 F.3d 327, 341 (2d Cir.1999) (citations and internal quotation marks omitted).
*798 An appeal from the order of a bankruptcy court must be filed with a district court within ten days, unless the bankruptcy court has granted the appellant an extension. Fed. R. Bankr.P. 8002. Judge Swain’s order was entered on August 25, 2000 and Scringer’s first notice of appeal was untimely filed on July 26, 2001. The appeal was correctly dismissed by the district court and that portion of the district court’s judgment is hereby AFFIRMED.
Since we see no error in the district court’s decision to dismiss Scringer’s appeal of Judge Swain’s order, Scringer’s appeal of the denial of her motions by Judge Craig is DISMISSED as moot.
We have examined Scringer’s remaining claims and find them to be without merit. All pending motions are denied as moot.