■ MOTOR PARKWAY ENTERPRISES, INC., Appellant, v LOYD KEITH FRIEDLANDER PARTNERS, LTD., et al., Respondents. [933 NYS2d 586]—

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (1) to dismiss the complaint. The documentary evidence submitted by the defendants, including the application for insurance signed by the plaintiff's president and the resulting policy of insurance furnished by the defendants to the plaintiff, conclusively disposed (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]) of the plaintiff's claims that the defendants procured insurance coverage in an amount other than that requested by the plaintiff (*see Sung v Kyung Ip Hong*, 254 AD2d 271, 272 [1998]). Moreover, the plaintiff is "conclusively presumed to have read and assented to the terms of the . . . policy" (*Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 394 [2006]; *see Portnoy v Allstate Indem. Co.*, 82 AD3d 1196, 1198 [2011]; *Maple House, Inc. v Alfred F. Cypes & Co., Inc.*, 80 AD3d 672 [2011]; *Stilianudakis v Tower Ins. Co. of N.Y.*, 68 AD3d 973, 974 [2009]; *Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788, 790-791 [2001]; *Rotanelli v Madden*, 172 AD2d 815 [1991]), and therefore cannot claim that it believed that it possessed greater coverage than that set forth in the policy.

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.