ShareStates Invs., LLC v Creagh & Assoc., Inc. (2020 NY Slip Op 05792)





ShareStates Invs., LLC v Creagh & Assoc., Inc.


2020 NY Slip Op 05792


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-03282
 (Index No. 609758/18)

[*1]ShareStates Investments, LLC, appellant,
v
Creagh & Associates, Inc., et al., respondents.


Neufeld O'Leary & Giusto, New York, NY (Michael J. Giusto and The Law Offices of Hunter C. Piel, LLC [William M. Rudow], of counsel), for appellant.
Sahn Ward Coschignano, PLLC, Uniondale, NY (Andrew M. Roth of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for professional malpractice, negligent misrepresentation, and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), dated January 29, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff made two loans to a borrower based on a real estate appraisal report prepared by the defendants for a nonparty lender which provided that, at the borrower's request, another lender could rely on the appraisal report as part of any mortgage finance transaction. At the borrower's request, the plaintiff agreed to rely on the appraisal report in making the loans. The plaintiff subsequently commenced this action, alleging that the appraisal report inflated the value of the subject property, and did not comply with the Uniform Standards of Professional Appraisal Practice. The defendants moved for summary judgment dismissing the complaint on the ground that the action was barred by the applicable statute of limitations. The Supreme Court granted the motion, and the plaintiff appeals.
The three-year statute of limitations in CPLR 214(6) has been held to apply to malpractice by real estate appraisers (see Early v Rossback, 262 AD2d 601, revd on other grounds, 95 NY2d 290; see also Chase Scientific Research v NIA Group, 268 AD2d 115, 119, revd on other grounds 96 NY2d 20; LSF6 Mercury Reo Investments LLC v. Platinum Appraisals, 2013 NY Slip Op 31464[U] [Sup Ct, NY County]; LSF6 Mercury Reo Inv., LLC v Mitchell Assoc., 2012 NY Slip Op 33435[U] [Sup Ct, NY County]). Although the plaintiff also asserted causes of action to recover damages for negligent misrepresentation and breach of contract, the gravamen of the plaintiff's allegations against the defendants is that the defendants failed to fulfill their professional duty in preparing the appraisal report. Thus, the negligent misrepresentation and breach of contract causes of action are merely incidental to the professional malpractice cause of action, and all of the plaintiff's causes of action are subject to the three-year statute of limitations applicable to professional malpractice (see Scott v Fields, 85 AD3d 756, 758; LSF6 Mercury Reo Inv., LLC v Mitchell Assoc., 2012 NY Slip Op 33435[U]).
CPLR 203(a) provides that the time within which an action must be commenced shall [*2]be computed from the time the cause of action accrued to the time the claim is interposed. For the purpose of determining the timeliness of a professional malpractice action, the action accrues when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court (see McCoy v Feinman, 99 NY2d 295, 301; Cabrera v Collazo, 115 AD3d 147, 150). In most cases, this accrual time is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury (see McCoy v Feinman, 99 NY2d at 301; 3rd & 6th, LLC v Berg, 149 AD3d 794).
Here, the appraisal report was prepared for and delivered to a nonparty lender by the defendants on February 12, 2015, before the plaintiff entered into any transactions with the borrower. The Supreme Court found that the plaintiff's action accrued on that date. However, the plaintiff did not receive the appraisal on that date. The plaintiff was not merely ignorant of the alleged wrong on February 12, 2015, but all of the facts necessary to the plaintiff's action had not occurred on that date, and the plaintiff could not then have obtained relief in court. The plaintiff had not yet relied upon the skill and advice of the defendants (see Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1, 8; Nothnagle Home Sec. Corp. v Bruckner, Tillet, Rossi, Cahill & Assoc. 125 AD3d 1503; Weiss v Deloitte & Touche, LLP, 63 AD3d 1045). The defendants failed to establish that the plaintiff received the appraisal more than three years before it commenced this action. The date when the appraisal was received by the plaintiff was not established by the defendants and, therefore, the defendants failed to meet their initial burden of establishing, prima facie, that the time in which to sue had expired (see Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852).
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court