Soshnick v GEICO Gen. Ins. Co. (2023 NY Slip Op 01021)

Soshnick v GEICO Gen. Ins. Co.

2023 NY Slip Op 01021

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-04771
 (Index No. 615474/19)

[*1]Evan Z. Soshnick, appellant, 
v
GEICO General Insurance Company, respondent.

Michael L. Soshnick, Mineola, NY (John Lawrence of counsel), for appellant.
Montfort, Healy, McGuire & Salley LLP, Garden City, NY (John W. Hoefling of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, in effect, for a judgment declaring that the defendant is obligated to provide supplemental uninsured motorist benefits to the plaintiff pursuant to an automobile insurance policy, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered May 7, 2020. The order granted the defendant's converted motion for summary judgment declaring that the defendant is not obligated to provide supplemental uninsured motorist benefits to the plaintiff.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to provide supplemental uninsured motorist benefits to the plaintiff.
On July 1, 2017, the plaintiff allegedly was injured when a vehicle he was driving was struck by another vehicle in Queens. In November 2018, the plaintiff commenced an action to recover damages for personal injuries against the driver and the owner of the other vehicle (hereinafter the underlying action). In January 2019, the plaintiff notified his insurer, the defendant, GEICO General Insurance Company (hereinafter GEICO), of a claim for supplemental uninsured motorist (hereinafter SUM) benefits pursuant to his automobile insurance policy (hereinafter the subject policy). In a letter dated June 4, 2019, the plaintiff notified GEICO that the underlying action had been settled for the policy limit of the insurer for the defendants in that action. GEICO then disclaimed coverage on the ground that the plaintiff had settled the underlying action without GEICO's consent as required under the subject policy.
In November 2019, the plaintiff commenced this action against GEICO, inter alia, in effect, for a judgment declaring that GEICO is obligated to provide SUM benefits to him. Thereafter, GEICO moved pursuant to CPLR 3211(a) to dismiss the complaint and for a judgment declaring that it is not obligated to provide SUM benefits to the plaintiff. In an order entered May 7, 2020, the Supreme Court, upon converting the defendant's motion to a motion for summary judgment declaring that the defendant is not obligated to provide SUM benefits to the plaintiff, granted the defendant's motion. The plaintiff appeals.
"When an insured settles with a tortfeasor in violation of a condition requiring his or [*2]her insurer's written consent to settle, and fails to preserve the insurer's subrogation rights, the insurer is prejudiced, and the insured is precluded from asserting a claim for underinsured motorist benefits" (Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 738; see Weinberg v Transamerica Ins. Co., 62 NY2d 379, 382-384). Here, GEICO established, prima facie, that the plaintiff entered into the settlement in the underlying action without having obtained written consent from GEICO as required under the clear and unambiguous terms of the subject policy (see Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 697; Friedman v Allstate Ins. Co., 268 AD2d 558). The plaintiff is "conclusively presumed to have read and assented to the terms of the . . . policy" (Loevner v Sullivan & Strauss Agency, Inc., 35 AD3d 392, 394; see Motor Parkway Enters., Inc. v Loyd Keith Friedlander Partners, Ltd., 89 AD3d 1069, 1070). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly granted the defendant's motion. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that GEICO is not obligated to provide SUM benefits to the plaintiff (see Colella v GEICO Gen. Ins. Co., 164 AD3d 745).
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court